**FILED**

JUN - 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

William Leonard Pickard
13777 Air Expressway Blvd.
POB 5500
Adelanto, CA 92301
in propria persona

## UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

WILLIAM LEONARD PICKARD
     Plaintiff

v.

MICHAEL O. LEAVITT
in his official capacity as
Secretary of Health and Human Services )
200 Independence Avenue, S.W. )
Washington, D.C. 20201 )
     )
     )
ANDREW VON ESCHENBACH, M.D. )
in his official capacity as )
Acting Commissioner of the )
Food and Drug Administration )
5600 Fishers Lane )
Rockville, Maryland 20857 )
     )
     )
ALBERTO GONZALES )
in his official capacity as )
Attorney General of the )
Department of Justice )
950 Pennsylvania Avenue, N.W. )
Washington, D.C. 20530 )
     )
     )
KARIN TANDY )
in her official capacity as )
Administrator of the )
Drug Enforcement Administration )
950 Pennsylvania Avenue, N.W. )
Washington, D.C. 20530 )
     Defendants )

CASE NUMBER  1:06CV01043

JUDGE: Richard J. Leon

DECK TYPE: Pro se General Civil

DATE STAMP: 06/05/2006

COMPLAINT
FOR
DECLARATORY
AND
INJUNCTIVE
RELIEF

NATURE OF THE ACTION

1.) This is an action for declaratory and injunctive relief
arising from the Defendants' violation of, and failure to
take timely notice under: the Code of Federal Regulations, 21
CFR 1308.43 ("CFR"); the Controlled Substances Act, 21 USC
secs. 811(h)(1) et seq. ("CSA"); the Drug Enforcement
Administration ("DEA") and Department of Justice ("DOJ")
policies and regulations implementing the CFR and CSA; and
the Defendants' violation of the Administrative Procedures
Act ("APA"), 5 USC secs. 551-552, 706.

2.) Specifically, this action seeks redress for the failure
of Defendants DOJ and DEA to perform their non-discretionary
regulatory duty to act upon petitions pursuant to 21 CFR
1308.43 and 21 USC 811(h)(1) submitted by William Leonard
Pickard ("Plaintiff") to: a.) establish a file pending
approval or denial of Plaintiff's request for initiation of
proceedings for temporary scheduling of the experimental drug
bremelanotide, a melanocortin agonist being developed by
Palatin Technologies, Inc. of New Jersey as a libido-
enhancing compound for treatment of female sexual
dysfunction; or b.) to conduct hearings concerning the
emergency scheduling of bremelanotide as a potential imminent
hazard to the public health. This action also seeks redress
for the failure of Defendants DEA, DOJ, Food and Drug
Administration ("FDA") and Department of Health and Human

Services ("HHS") to respond to Plaintiff's petitions as required by the APA.

3.) On several occasions and through counsel, Plaintiff petitioned Defendants DOJ and DEA to establish a file concerning the abuse liability of bremelanotide, previously named "PT-141" by the drug developer, and referred to as PT-141 throughout the appended petitions. (Exhibits A and B)

4.) Despite the absence of any deficiencies in Plaintiff's petitions, Defendants DOJ and DEA have failed to act on the CFR petition in the manner required by 21 CFR 1308.43 and also have failed to act on the CSA petition pursuant to 21 USC 811(h)(1).

5.) Defendants DOJ and DEA did not respond to the CSA petition submitted on 27 August 2005 by Plaintiff.

6.) Defendants DOJ and DEA did not respond to the CFR petition submitted on 9 September 2005 by Plaintiff through counsel.

7.) Despite the absences of any deficiencies in the petitions, Defendants DOJ and DEA have not responded correctly to the amended petition sent in quintuplicate to 9 November 2005 to Defendants DOJ and DEA.

8.) Defendants DOJ and DEA have refused to render the only action supported by the record of the CFR petition, namely a decision compelled by regulation to notify Plaintiff of the approval or denial of the establishment of a file in response to the petition and, if the petition is denied, the reasons therefor.

9.) Rather, on 16 November 2005, Defendants DOJ and DEA replied to Plaintiff's 9 November 2005 petition in the form of a letter from Christine A. Sannerud, Ph.D., Chief of the Drug and Chemical Evaluation Section, Office of Diversion Control at DOJ/DEA, stating only that, "The Drug Enforcement Administration does not have any means available to administratively schedule [bremelanotide] under the CSA." (Exhibit B)

10.) By this response, Defendants DOJ and DEA have failed to follow the procedures established by 21 CFR 1308.43.

11.) Defendants DOJ and DEA are authorized and mandated by Congress to act on petitions under 21 CFR 1308.43.

12.) The CFR provides a specific regulatory and administrative pathway whereby an individual may petition the DEA Administrator to establish a file pending approval or denial of initiation of the temporary scheduling of a proposed substance.

13.) Even though mandated by Congress to act on such petitions under the CFR and CSA, Defendants DOJ and DEA also stated in the 16 November 2005 letter by Dr. Sannerud that counsel should send the Plaintiff's "concerns regarding [bremelanotide] to the Food and Drug Administration (FDA) as they will ultimately determine if this substance warrants marketing in the United States."

14.) Defendants DOJ and DEA have failed to acknowledge that the petition of 9 November 2005 included Plaintiff's concerns previously submitted on 27 August 2005 to DOJ, DEA, HHS, and FDA.

15.) Defendants DOJ and DEA failed to acknowledge that the CFR pathway for temporary scheduling by DOJ and DEA is independent of FDA approval or denial of a drug application.

16.) Defendants DOJ and DEA failed to acknowledge that the CSA pathway for emergency scheduling is inapplicable to a drug approved by FDA, and applicable to a currently unapproved drug such as bremelanotide.

17.) Defendants DOJ and DEA failed to address any of Plaintiff's assertions in the petition, inexplicably referring Plaintiff to FDA.

18.) By statute and regulation, DOJ and DEA are mandated to assess hazards of potential controlled substances independently from FDA, and to consider aspects of abuse liability that are not evaluated in the FDA approval process.

19.) Defendants DOJ and DEA failed to address the scientific, medical and technical merits of the petition, and otherwise failed to recognize the mandates of the CFR directing the DEA Administrator to establish a file upon petition by an individual or, in the case of denial, to explain the denial and to permit the petition to be corrected.

20.) Even though lacking any basis in fact or law upon which to deny filing, the Defendants failed to issue an order or otherwise notify Plaintiff of their non-acceptance, preferring instead not to acknowledge their mandate under the CFR to evaluate the merits of the petition.

21.) Defendants DOJ and DEA also failed to address Plaintiff's petitions of 27 August 2005, 9 September 2005 and 9 November 2005 under 21 USC 811(h)(1) to evaluate bremelanotide as an imminent hazard to the public safety.

22.) Defendants HHS and FDA also failed to respond to Plaintiff's 27 August 2005 petition as required by the APA.

23.) Defendants' faiilure to take the statutorily-mandated

actions under the CFR or to respond to the petitions under the CSA, viz. acceptance for filing or non-acceptance and a proper explanation thereof, is in direct contravention of: 1.) the CFR; 2.) the CSA; and 3.) the APA.

JURISDICTION AND VENUE

24.) The causes of action alleged herein arise under 5 USC secs. 702, 704, and 706. The declaratory, injunctive and other relief requested by Plaintiff is authorized by 5 USC 702 and 706, and 28 USC 1361, 1651, 2201-2202, and this Court's general equitable powers.

25.) This Court has jurisdiction pursuant to 28 USC 1331, 1361.

26.) Venue in this Court is proper under 28 USC 1391(e).

27.) The faillure of Defendants DOJ and DEA to respond correctly to the petition, submitted on 9 November 2005 by counsel William K. Rork, Esq. on behalf of Plaintiff, constitutes final agency action.

28.) The failure of Defendants HHS and FDA to respond to the petitions filed on 27 August 2005 and 9 September 2005 by Plaintiff constitutes final agency action.

29.) Plaintiff has exhausted his available administrative remedies. It is futile for Plaintiff to seek any further administrative relief.

30.) An actual and justiciable controversy exists between Plaintiff and Defendants.

PARTIES

31.) Plaintiff William Leonard Pickard is a citizen of the United States, domiciled in San Bernadino, California and residing at 13777 Air Expressway Blvd., Adelanto, California 92301.

32.) Defendant Karin Tandy is Administrator of the Drug Enforcement Administration and is statutorily charged with administering the temporary scheduling provisions of 21 CFR 1308.43 and the emergency scheduling provisions of 21 USC 811(h)(1). Administrator Tandy has been delegated her authority under the CSA by the Attorney General. Administrator Tandy is sued in her official capacity as Administrator of the Drug Enforcement Administration.

33.) Defendant Albert Gonzales is the Attorney General in the Department of Justice. In the capacity, Mr. Gonzales has the authority for administering the CSA and has delegated to the DEA Administrator the responsibility for temporary and

emergency scheduling. Mr. Gonzales is sued in his official
capacity as Attorney General.

35.) Dr. Andrew von Eschenbach is the acting Commissioner of
the Food and Drug Administration and has been delegated his
authority by the Secretary of Health and Human Services. Dr.
von Eschenbach is sued in his official capacity as
Commisioner of the Food and Drug Administration.

35.) Defendant Michael Leavitt is the Secretary of Health and
Human Services. Secretary Leavitt has delegated matters
relating to clinical drug evaluations to the Commissioner of
the Food and Drug Administration. Mr. Leavitt is sued in his
official capacity as Secretary of Health and Human Services.

36.) The Drug Enforcement Administration, the Department of
Justice, the Food and Drug Administration, and the Department
of Health and Human Services are each an "agency" of the
government within the meaning of the APA, 5 USC sec.
701(b)(1).

REGULATORY AND FACTUAL BACKGROUND ON BREMELANOTIDE AND THE 21
CFR 1308.43 PATHWAY FOR TEMPORARY SCHEDULING

37.) A broad range of 21 CFR 1308.43 petitions have a long
history of being accepted by DEA to establish files pending
approval or denial of initiation of the temporary scheduling

process.

38.) Of the more than 400 scheduled drugs, many have become regulated due to the submission of petitions under 21 CFR 1308.43.

39.) Of the more than 400 controlled substances, almost all result from the efforts of the pharmaceutical or biotech industries to develop effective medicines.

40.) Hence, it may be easily anticipated that most future drugs of abuse, including Schedule I drugs with severe abuse potential and no known medical application, will derive from the legitimate research efforts of the pharmaceutical or biotech industries.

42.) The experimental erotogenic drug bremelanotide is currently in clinical trials in women pending FDA approval.

43.) Clinical trials of a new drug and the reporting thereof to the FDA are routinely subsidized and controlled by the drug developer.

44.) Thus, FDA is dependent upon accurate and unbiased reporting of drug effects by the pharmaceutical industry.

45.) Potentially acting in part as a check upon abuse of this

regulatory structure, there are two administrative means whereby DOJ and DEA may initiate evaluation and scheduling proceedings independently from the FDA approval process.

46.) These mechanisms are the 21 CFR 1308.43 and 21 USC 811(h) pathways.

47.) 21 CFR 1308.43 provides a means whereby reporting of various indicators of the abuse potential of a new substance, including those not necessarily addressed in FDA trials, may be collected in a file by DEA pending possible temporary scheduling.

48.) Although Defendants DOJ and DEA assert that, "The Drug Enforcement Administration does not have any means available to administratively schedule [bremelanotide] under the CSA," the CFR explicitly states that "an individual" may petition the DEA Administrator pursuant to 21 CFR 1308.43 to establish a file pending approval or denial of initiation of the temporary scheduling process.

49.) Furthermore, in the case of a drug that has not yet been approved by FDA, such as bremelanotide, the DEA Administrator may also begin the emergency scheduling process under 21 USC 811(h)(1) if the Administrator collects information sufficient to place the drug temporarily in Schedule I pending hearings on the issue.

50.) The Administrator may place certain substances in Schedule I on a temporary basis pursuant to 21 USC 811(h)(1) "without regard to the regular scheduling criteria and procedures if such emergency scheduling is necessary to avoid an imminent hazard to the public safety."

51.) In the instant case, Defendants DOJ and DEA may begin the administrative scheduling process on bremelanotide under 21 USC 811(h)(1) in that bremelanotide is not yet approved by the FDA and the section expressly states that emergency scheduling does not apply, "where the FDA has permitted the substance to be marketed in interstate commerce."

52.) Hence, by the plain wording of the CSA, Defendants DOJ and DEA may initiate proceedings for emergency scheduling of a substance while it is undergoing clinical trials.

53.) By their refusal to independently evaluate the abuse liability of bremelanotide while it is in clinical trials, DOJ and DEA are establishing an uncodified policy of delaying inquiry and action on potential drugs of abuse until such time as they are approved or not approved by FDA and later become problematic.

54.) This uncodified policy creates a lag in studying a proposed substance that may contribute to the more rapid

expansion of a future drug epidemic.

55.) At no time relevant to this Complaint have the
Defendants lacked the resources necessary to take CSA and CFR-
mandated actions on Plaintiff's petition.

56.) In support of Defendants' response, the Defendants'
professional reviewers do not require the reference or use of
any confidential commercial or trade secret information, or
any non-public data.

57.) The Defendants' intransigence in improperly continuing
to defer the action required by regulation on Plaintiff's
petitions has left the petition frozen in perpetual limbo
subject to some as yet unidentified  consideration unrelated
to the pertinent statutory authorities.

58.) Because Defendants have failed to respond correctly to
Plaintiff's petitions, no timetable has been or can be
established for issuance of the requisite action letter on
Plaintiff's petitions.

59.) As of this date, over five months after Plaintiff's
initial petition to Defendants DOJ and DEA on 27 August 2005,
Plaintiff has yet to receive an action letter either
accepting the Petitioner's request for the opening of a file
under the CFR or CSA, or a response detailing specific

deficiencies and actions necessary to clear the way for acceptance of establishing such a file.

60.) Rather, DOJ and DEA have responded incorrectly that they lack any means available to administratively schedule bremelanotide.

61.) Upon information and belief, Defendants have failed to properly consider the statutory, regulatory, scientific, medical and epidemiological bases for the petitions.

62.) Defendants' failure to address the merits of the petitions concerning bremelanotide reflects that the Defendants' failure to either approve or disapprove the petition is not based upon scientific, techncal, or other recognized statutory or regulatory considerations.

63.) Upon information and belief, Defendants also have failed to respond due to considerations outside those required by regulation, including but not limited to: a.) aspects of the Plaintiff's background; and b.) the novel regulatory aspects of independently evaluating the abuse potential of a new drug while it is undergoing the FDA-approval process based on clinical data submitted by the drug developer.

64.) By the absence of an action letter, Defendants have failed to cite any legitimate regulatory or non-regulatory

grounds, or other cognizable issues, and the Defendants continuing failure to act is not justified.

65.) To date, Defendants DOJ and DEA have not issued the response required by the CFR to the petition of 9 November 2005, nor have they responded properly to the Plaintiff's CSA petitions.

66.) Defendants HHS and FDA have not responded to the CSA petition of 27 August 2005, copies of which were also provided to several HHS and FDA officials in addition to the HHS Secretary and the FDA Commissioner.

67.) Defendants' professional and reviewing staff have failed to cite any deficiencies in the petitions.

68.) By Defendants' failure to respond, Plaintiff has not been provided the opportunity for administrative hearings that otherwise may be required to examine the assertions within the bremelanotide petitions.

69.) By their failure to respond, the Defendants have also failed to suggest that a decision on the acceptance or non-acceptance of the petitions was delayed because of unresolved scientific and legal issues that relate to the petitions.

70.) Due to the failure to respond by Defendants, Plaintiff

has been prevented from resolving any technical, scientific or regulatory deficiencies in the petitions.

71.) By their failure to respond, Defendants DOJ and DEA have not provided a recognized regulatory basis pursuant to which the Defendants are authorized to withold acceptance of the petition for opening a file on bremelanotide.

72.) By their failure to respond,, Defendants have prevented Plaintiff from supporting Plaintiff's contentions in a meaningful way beyond the arguments and evidence available to Defendants on 27 August 2005, 9 September 2005 and 9 November 2005.

73.) Upon information and belief, the professional staff assigned to respond to Plaintiff's petition are prepared to issues a formal response to the petition, but the Defendants have not yet permitted them to do so.

BACKGROUND OF THE 28 CFR PATHWAY FOR ESTABLISHING A FILE

74.) DOJ and DEA approvals or denials of 28 CFR 1308.43 petitions for a range of drugs have been issued, relecting disparate treatment by the Defendants due to their inaction on the petition concerning bremelanotide.

75.) The petition on bremelanotide is not the first 21 CFR

1308.43 petition submitted to or reviewed by the professional scientific and review staff of DOJ and DEA.

76.) The petition on bremelanotide is not the first 21 CFR 1308.43 petition seeking establishment of a file pending approval or denial of the temporary scheduling process for an experimental drug that may have abuse potential.

77.) There is no reasonable, rational or lawful basis upon which to distinguish the decisions Defendants have rendered previously with regard to establishing files on other drugs.

78.) The legal and regulatory rationales in Defendants' decisions approving or denying prior petitions apply with equal force to the Plaintiff's petition.

BACKGROUND OF THE 21 USC 811(H)(1) PATHWAY FOR EMERGENCY SCHEDULING

79.) Under 21 USC 811(b), the Attorney General may request an evaluation by the Secretary of Health and Human Services to make findings on certain factors required for scheduling of bremelanotide, including but not limited to: 1.) the actual or relative potential for abuse of bremelanotide; 2.) the scientific evidence of its pharmacological effects; 3.) the state of current scientific knowledge regarding the drug; 4.) what risk to the public health is posed by bremelanotide; and

5.) the psychological or physiological dependence liability of bremelanotide.

80.) In that 21 USC 811(h)(1) expressly states that the emergency scheduling process does not apply "where the FDA has permitted the substance to be marketed in interstate commerce," the period of clinical trials of bremelanotide currently being conducted by its developer is the only period prior to the possible FDA approval of bremelanotide in which it may be subject to the emergency scheduling provision.

81.) The FDA approval process involving clinical trials of bremelanotide is inherently limited in that it does not involve reporting of other factors that may contribute to the particular abuse liability of bremelanotide, including but not limited to: a.) off-patent international manufacture and distribution; b.) unregulated availability from internet sources; c.) acute or chronic use of bremelanotide by non-patient populations, including multiple dosing or overdose scenarios in non-patient populations using bremelanotide for its euphorigenic arousal response and its pronounced erotogenic effects; d.) non-medical use as a recreational adjunct in conjunction with other controlled substances; e.) other psychological and behavioral effects not adequately addressed by the design of clinical trials in evaluating prescribed medical use by diagnosed patients, e.g. effects arising due to uncontrolled use by non-clinical populations;

f.) manufacture and distribution by unlicensed or criminal organizations; g.) surreptitious administration to unwitting individuals across age ranges and genders; and h.) the social impact of worldwide distribution of an erotogenic agent.

82.) In the event of approval of bremelanotide as a medical treatment for patients diagnosed with sexual dysfunction, only the lengthier process of non-emergency scheduling is then applicable, during which time the problematic aspects of bremelanotide may become manifest within the non-clinical population.

83.) In the event of non-approval of bremelanotide by FDA on any grounds based on abuse liability, Defendants DOJ and DEA will be significantly delayed in their independent evaluation and scheduling of bremelanotide as a result of their inaction on Plaintiff's petition.

84.) Hence, Plaintiff's petitions under the CFR, CSA and APA encourages more effective early detection of the potential abuse liability of bremelanotide by requesting administrative action from federal agencies in the form of a file for proactive collection of data pending approval or denial of the temporary or emergency scheduling processes.

85.) Thus, Plaintiff enters this civil action requesting judicial review of Defendants' failure to act, and in support

of implementing protocols for earlier monitoring of the
epidemiology of drugs that may become socially problematic.

HARM CAUSED BY UNLAWFUL AGENCY ACTIONS

86.) Plaintiff is irreparably injured by the Defendants'
continuing failure to render one of the decisions mandated by
regulation concerning Plaintiff's petitions.

87.) The Defendants' failure to fulfill their non-
discretionary regulatory obligation to respond to petitions
based upon information in the public domain and upon
Plaintiff's own proprietary data - generated and compiled
through Plaintiff's detailed review of relevant scientific
literature and interviews with researchers, volunteer
clinical subjects, non-regulated users and off-patent
distributors of bremelanotide and related melanocortin
agonists - deprives Plaintiff of the opportunity of recouping
his investment in the study of the abuse potential of
bremelanotide and other erotogenic melanocortin agonists.

88.) In addition, the Defendants' failure deprives Plaintiff
of the statutory rights and benefits conferred by Congress on
an individual bringing a petition under 21 CFR 1308.43 and
the CSA.

89.) Furthermore, the response of Defendants DOJ and DEA

could result in the effective institution of an uncodified
policy that the existing 21 CFR 1308.43 pathway and the 21
USC 811(h)(1) pathway cannot be used prospectively for drugs
proposed to be regulated under the CFR and the CSA.

90.) Importantly, Petitioner's attempt to establish a file
pending approval or non-approval of initiation of proceedings
for temporary scheduling of an experimental substance
currently in clinical trials will provide an independent
protocol for evaluation of this and other experimental drugs
outside the inherent limitations of an FDA approval process
based upon clinical trials both subsidized and reported
solely by the commercial drug applicant.

91.) Furthermore, Plaintiff's attempt to establish a file
will assist in providing a mechanism for more effective early
warning to regulatory agencies of potential drugs of abuse
than that currently provided by the FDA approval process and
its inherent limitations in failing to evaluate use by non-
clinical populations prior to and after FDA approval or
denial of a new drug appllication.

92.) Hence, Defendants' failure to respond is injurious in
such that benefits are denied to the public and to Plaintiff
from more early detection of novel substances that may pose
hazards to the public health.

93.) Plaintiff is also irreparably injured by the damage caused to the standing, reputation, and goodwill of Plaintiff through his efforts as a drug policy analyst, as a result of the questions and doubts caused in the minds of health care professionals, biotech and pharmaceutical firms, policy analysts groups, and public organizations as a direct and proximate cause of Defendants' continuing failure to accept Plaintiff's petitions for filing and thereby validating Plaintiff's expertise in this instance as a drug policy analyst concerned with the unique abuse liabilities posed by erotogenic melantocortin agonists.

94.) The doubts about Plaintiff's evaluation of the abuse potential of bremelanotide as a result of Defendants' inaction complained of herein has impaired the value of Plaintiff's significant investment of time, energy and funds into research on bremelanotide and the preparation of the scholarly monograph, "Future Drugs - Drug Design and Policy Implications" as well as the value generated from websites, publications, and other endeavors of Plaintiff related to the study of this and similar potential drugs of abuse.

95.) Accordingly, Plaintiff presently seeks declaratory and permanent injunctive relief against Defendants as a result of the inaction by Defendants and their failure to correctly address the bremelanotide petitions.

PLAINTIFF'S CLAIMS FOR RELIEF

COUNT I

Inaction on the Bremelanotide Petition in Violation of the
CSA, CFR, and the APA.

96.) Plaintiff realleges and incorporates herein by reference
Paragraphs 1 through 95 of this Complaint.

97.) 21 CFR 1308.43(c) states, "Within a reasonable period of
time after the receipt of a petition, the Administrator shall
notify the petitioner of h[er] acceptance or nonacceptance of
the petition, and if not accepted, the reason therefor ... If
accepted for filing, a petition may be denied by the
Administrator within a reasonable period of time thereafter
if [s]he finds the grounds upon which the petitioner relies
are not sufficient to justify the initiation of proceedings."

98.) Plaintiff asserts that nonacceptance of the petition
cannot be based on the statement of DOJ and DEA that there
are no means available to schedule bremelanotide under the
CSA.

99.) By their failure to correctly respond to Plaintiff,
Defendants DOJ and DEA have not notified Plaintiff of either
the acceptance or non-acceptance of the petition, thus

violating the plain wording of the CFR.

100.) Defendants DOJ and DEA refuse to acknowledge that 21
CFR 1308.43 and 21 USC 811(h)(1) are controlling in this
instance by stating that DOJ and DEA do not have "any means
available" to schedule bremelanotide and thereafter refering
the matter to FDA.

101.) Furthermore, the failure by Defendants to correctly
address the petitions submitted by Plaintiff through counsel
strongly suggests that the Defendants do not intend at
anytime to process Plaintiff's submissions through the CFR
and CSA pathways.

102.) The effect of the Defendants' continuing failure is
that the Defendants have violated the express provisions of
the CFR, CSA and APA without articulating a legally
permissible reason for doing so.

103.) Accordingly, the Defendants' actions with respect to
Plaintiff's petition must be declared to be arbitrary,
capricious, an abuse of discretion, or otherwise not in
accordance with law, and in excess of statutory jurisdiction,
authority, or limitations, and without observance of
procedure required by law, in violation of the APA, 5 USC
secs. 706(2)(A), (C)(D).

COUNT II

Defendants' Failure to Act on the Bremelanotide Petition in
Violation of the APA.

104.) Plaintiff realleges and incorporates herein by
reference Paragraphs 1 through 103 of this Complaint.

105.) The APA, 5 USC sec. 551(13), defines "agency action" to
include "the whole or part of an agency rule, order, license,
sanction, relief, or the equivalent or denial thereof, or
failure to act."

106.) The APA, 5 USC sec. 555(e), requires an agency to give
"[p]rompt notice of the denial of a written application,
petition, or other request made in connection with any agency
proceeding. The notice shall be accompanied by a brief
statement of the grounds for denial."

107.) The APA, 5 USC sec. 555(e), imposed on the Defendants a
clear, nondiscretionary duty to properly respond to
Plaintiff's bremelanotide petition and, in the case of
denial, to provide the grounds for denial.

108.) Defendants have failed to acknowledge or comply with
their responsibilities under the CFR, CSA and APA by stating
they have no administrative means to initiate the scheduling

process.

109.) Plaintiff has no other avenues of relief to compel Defendants to render decisions on the bremelanotide petitions that address the scientific, medical, and technical merits of the petitions.

110.) The Defendants' failure to act on the Plaintiff's petition violates the APA, and must be set aside as arbitrary, capricious, an abuse of discretion, or otherwise not inaccordance with law, in violation of the APA, 5 USC sec. 706(2)(A)(D).

COUNT III

Unreasonable Delay in Defendants' Decision on the Bremelanotide Petition in Violation of the APA.

111.) Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 110 of this Complaint.

112.) It is mandated by 5 USC 555(b) that agencies decide a matter in a reasonable time, specifically providing, "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

113.) Additionally, 5 USC 706(1) grants a court the discretion to compel an agency to act when its delay (or inaction) is deemed unreasonable, providing, "The reviewing court shall - (1) compel agency action unlawfully withheld or unreasonably delayed."

114.) By stating they have no administrative means for initiating the scheduling process, the Defendants DOJ and DEA have continued to delay proper action on the Plaintiff's petitions, and otherwise failed to respond to multiple attempts by Plaintiff and counsel in submitting the petition, with such delay continuing almost five months after the initial submission.

115.) Although the CFR and CSA pathways are available to the Defendants, they have not notified Plaintiff or explained to Plaintiff any legitimate reason for this extremely lengthy delay in the absence of a proper response or action by Defendants on Plaintiff's petitions.

116.) Defendants' improper response and lack thereof indicate that they will never act on an individual's petition pursuant to the CFR and the CSA.

117.) As is evidenced by their lack of response, unreasonable response, and delay in providing a proper response, the Defendants have singled out Plaintiff for inaction - despite

the agencies' approval or denials of petitions concerning
similarly situated drugs under the relevant CFR and CSA
pathways for temporary and emergency scheduling - and
Defendants' inaction must be set aside as arbitrary,
capricious, an abuse of discretion, or otherwise not in
accordance with law, and without observance of procedure
required by law, in violation of the APA, 5 USC sec.
706(2)(A)(D).

COUNT IV

Arbitrary, Capricious and Disparate Treatment of the
Petitions in Violation of the APA

118.) Plaintiff realleges and incorporates herein by
reference Paragraphs 1 through 117 of this Complaint.

119.) The Plaintiff's petitions have been treated disparately
by the Defendants when compared to similarly situated
petitions by other individuals.

120.) In contrast, Defendants have accepted petitions
submitted by other individuals pending approval or non-
approval of initiating the temporary scheduling process or
emergency scheduling and - in the case of non-approval -
either have provided the reasons therefor or have permitted
petitioners to correct or supplement the petitions.

121.) As a legal, regulatory and scientific matter, the erotogenic effects of bremelanotide at various dosage levels appear to be similar to the libido-enhancing effects of several controlled substances that have been scheduled under the temporary and emergency scheduling provisions of the CFR and CSA.

122.) In this instance, Defendants have failed to apply the same standards as they have applied to similarly situated petitions and similarly situated drugs.

123.) Defendants' disparate treatment of Plaintiff's petitions must be set aside under 5 USC sec. 706(2)(A) because it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

PRAYER FOR RELIEF

WHEREFORE, Plaintiff William Leonard Pickard respectfully requests that this Court:

124.) Enter a declaratory judgement that Defendants have failed to provide a prompt response to Plaintiff's petitions as required by the APA;

125.) Enter a declaratory judgement that Defendants DOJ and

DEA have failed to respond as required by 21 CFR 1308.43;

126.) Enter a declaratory judgement that the continued failure to provide the statutorily required response to Plaintiff's 21 CFR 1308.43 petition by Defendants DOJ and DEA constitutes agency action unlawfully withheld or unreasonably delayed;

127.) Enter a declaratory judgement that Defendants DOJ and DEA have engaged in the disparate treatment of Plaintiff and Plaintiff's 21 CFR 1308.43 petition;

128.) Enter a declaratory judgement that the 21 CFR 1308.43 pathway can be used for individuals' complaints on bremelanotide and other erotogenic melantocortin agonists proposed to be regulated under the CSA;

129.) Enter an order compelling Defendants DOJ and DEA to issue a response to Plaintiff's petition as mandated by 21 CFR 1308.43 and including an explanation based on the scientific, medical and technical merits of Plaintiff's petition;

130.) Enter a declaratory judgement that Defendants DOJ, DEA, HHS, and FDA have failed to respond properly to Plaintiff's request for emergency scheduling pursuant to 21 USC 811(h)(1);

131.) Enter a declaratory judgement that the continued failure of Defendants DOJ, DEA, HHS, and FDA to provide a proper response to Plaintiff's request for emergency scheduling under 21 USC 811(h)(1) constitutes agency action unlawfully withheld or unreasonably delayed;

132.) Enter a declaratory judgement that Defendants DOJ, DEA, HHS, and FDA have engaged in the disparate treatment of Plaintiff's request for emergency scheduling under 21 USC 811(h)(1);

133.) Enter a declaratory judgement that the 21 USC 811(h)(1) pathway can be used for individuals' complaints on bremelanotide and other erotogenic melanocortin agonists proposed to be regulated under the CSA;

134.) Enter an order compelling Defendants DOJ, DEA, HHS, and FDA to issue a response to Plaintiff under 21 USC 811(h)(1) and including an explanation based on the scientific, medical, and technical merits of Plaintiff's petition.

135.) Enter an order permanently enjoining Defendants DOJ, DEA, HHS, and FDA henceforth from failing to respond promptly and properly to Plaintiff's petition(s) and thereafter act within a reasonable time on the merits of the petition(s);

136.) Award Plaintiff the costs of this action; and

137.) Grant Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Date: _27 January 2006_      _____
                             William Leonard Pickard
                             13777 Air Expressway Blvd.
                             POB 5500
                             Adelanto, CA 92301