UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM L. PICKARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-1043 (RJL) |
| ) | |
| MICHAEL O. LEAVITT, ) | |
| Secretary of Health and Human Services, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, defendants Michael O. Leavitt, Secretary of Health and Human Services, Andrew Von Eschenbach, Acting Commissioner of the Food and Drug Administration, Albert Gonzales, Attorney General of the United States, and Karen Tandy, Administrator of the Drug Enforcement Administration, respectfully request that this Court extend their time to respond to plaintiff's complaint from November 6, 2006 to December 8, 2006. This is defendants' first request for an extension relating to its answer or motion to dismiss the complaint. In support of this motion, defendants state the following:

1. Plaintiff William Pickard, a pro se prisoner, filed this action on June 5, 2006 under the Administrative Procedures Acts relating to his request relating to a potential new treatment of female sexual dysfunction.

2. Plaintiff purported to serve defendants by certified mail. See Docket Entry # 4. Pursuant to Fed. R. Civ. P. 4(i)(1), service upon the United States *must* be effected by "delivering a copy of the summons and of the complaint to the United States Attorney for the

district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney." Fed. R. Civ. P. 4(i)(1)(A).

    3. Based on plaintiff's filings, it appears that attempted to serve the United States Attorney for the District of Columbia by sending the summons and complaint to the address for the United States District Court for the District of Columbia, not the address for the United States Attorney for the District of Columbia.

    4. Notwithstanding this error, it appears from records of the Civil Division of the Office of the United States Attorney that the District Court forwarded the summons and complaint to the Civil Division, and that the summons and complaint were received by the Civil Division on September 9, 2006. Presuming that the receipt of the complaint and summons by the United States Attorney's Office constituted proper service, for purposes of this case only, defendant's response to the complaint is due on November 6, 2006.

    5. Because of counsel for defendants' schedule, including the closing of discovery in three case and several motions for summary judgment, as well as other case-related demands, counsel has not yet had the time to prepare a proper response to plaintiff's complaint. Accordingly, defendants request that the Court extend the time for them to respond to the complaint until December 8, 2006.

    6. The extension requested herein will permit counsel the time to prepare a motion sufficiently addressing the issues raised by plaintiff's complaint.

7.  Plaintiff is currently incarcerated; consequently, counsel has not sought to reach him to ascertain his position on the relief requested.[1]

November 2, 2006               Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney

    /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

    /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with non-prisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

## **CERTIFICATE OF SERVICE**

      I certify that on November 2, 2006, a true and correct copy of the foregoing was sent by first class mail to:

William L. Pickard
13777 Air Expressway Blvd.
PO Box 5500
Adelanto, CA 92301

                                                                                                                  _____
                                                                                                                   John F. Henault
                                                                                                                   Assistant United States Attorney